```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JANICE TROISI,                    )
        Petitioner,               )
                                  )
        v.                        )
                                  )    C.A. No. 15-13518-DPW
                                  )
UNITED STATES,                    )
        Respondent.               )
                                  )
                                  )
```

## MEMORANDUM AND ORDER
### October 16, 2015

WOODLOCK, D.J.

### I.   INTRODUCTION

On October 5, 2015, petitioner Janice Troisi, a resident of Revere, Massachusetts and a pretrial defendant released upon conditions, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. Petitioner purports to raise challenges to her criminal conviction in the case *United States v. Troisi*, CR 13-10266-DPW. As relief, she seeks to have me review her documentation as referenced in the petition before I impose sentence, set for November 10, 2015. She contends that her attorneys said they would file her objections to her guilty verdict but now are unwilling to do so.

### II.  DISCUSSION

   A.   Review of the Habeas Petition

Although this petition was brought pursuant to Section 2241

and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991)(upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) *citing Allen v. Perini*, 424 F.2d 134, 141 (6th

Cir. 1970)(noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).

In this case, the petition for writ of habeas corpus fails to state cognizable habeas claims.  Even if I considered petitioner to meet the "in custody" requirement based on the Order Setting Conditions of Release (Docket No. 22) in *United States v. Troisi*, CR 13-10266-DPW, the type of relief petitioner requests -- that I review documentation for sentencing -- is not the office of a writ of habeas corpus.  She has not stated her custody is in violation of constitutional or federal law, and she has not exhausted other remedies that will be available to her after sentencing (such as an appeal or a § 2255 motion).  Accordingly, I will deny habeas relief and will dismiss this action.

    B.    <u>Order for Habeas Petition and This Order to Be Filed in the Criminal Case</u>

Notwithstanding the dismissal of this action, I will Order that the habeas petition be docketed in the criminal case, for completeness of the record, as "Defendant's *Pro Se* Sentencing Memorandum."  I will also direct that this Memorandum and Order be docketed in the criminal case as well.

The clerk shall send copies of the Memorandum and Order not

only to Ms. Troisi directly but also to the prosecution, defense counsel, and the U.S. Probation/Pretrial Office for consideration in the preparation of sentencing submissions and/or for action by defense counsel, if appropriate.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Petition for Writ of Habeas Corpus is DENIED;

2. This action is DISMISSED in its entirety;

3. The clerk shall docket the habeas petition in *United States v. Troisi*, CR 13-10266-DPW as "defendant's *pro se* sentencing memorandum;

4. The clerk shall docket this Memorandum and Order in *United States v. Troisi*, CR 13-10266-DPW; and

5. The clerk shall send copies of the habeas petition and this Memorandum and Order directly to Ms. Troisi, to the prosecution, to defense counsel and to the U.S. Probation/Pretrial Office for such action, if any, they deem to be appropriate.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE